## THE CEDRIC.

### BROWN v. OCEANIC STEAM NAVIGATION CO., Limited.

(District Court, S. D. New York. February 9, 1922.)

Shipping ⬦84(4)—Injury to longshoreman held result of negligence of fellow servants, for which ship was not liable.

    Failure of engineer to repack the winch, gangwayman's giving orders by motions of his hand instead of by words of mouth when escaping steam prevented winchman from seeing signal, and failure of gangwayman to give warning that goods were coming down, *held* negligence of fellow servants for which ship was not liable to longshoremen injured thereby.

In Admiralty. Libel by Edward Brown against the Steamship Cedric, in which the Oceanic Steam Navigation Company, Limited, claimed the steamship. Libel dismissed.

C. Fuller Williams, of New York City, for libelant.

Burlingham, Veeder, Masten & Fearey, of New York City (Morton L. Fearey, of New York City, of counsel), for claimant-respondent.

WARD, Circuit Judge. April 8, 1919, at about 10 a. m., the libelant, a longshoreman, was engaged in stowing cases of canned goods in the square of the hatch next below the weather deck of the steamship Cedric, belonging to the respondent, Oceanic Steam Navigation Company, Limited. Drafts consisting of 32 cases were being lowered a distance of 12 to 15 feet on a platform called an aeroplane. The practice in this business is for the gangwayman on deck to give the signal to the winchman to stop lowering before a draft reaches the men below. The space left to be loaded on this occasion was about 3 or 4 feet from the top of the hatch; two athwartship beams were in place over it. The gangwayman raised his hand to the winchman to stop the winch, but before a draft was stopped it struck the libelant on the back of the head as he was stooping to lift a case and hand it to another one in his gang to be stowed. He was thrown forward, the left side of his face striking one of the athwartship beams, and his nose striking a case of canned goods. The draft was immediately raised, and the libelant helped onto the deck. The direct injuries which

he suffered were very insignificant, but it will not be necessary to go further into the question of his damages.

The libelant charges that the winchman did not see the gangwayman signal because of steam escaping from the winch on account of the packing of the piston rod being worn loose, and that the respondent is liable for not keeping the winch in proper condition, and the steamer liable because in this respect it was unseaworthy.

I am of opinion that the libelant is not entitled to recover:

First. There is no complaint of any defect in the winch itself. When winches need to be repacked the engineers do it. This is a detail of operation like other incidental repairs or replacements that are necessary in the course of work. The most perfect winches need to be repacked, and a failure to do so is the negligence of fellow servants, and not a violation of the master's duty as master. Cregan v. Marston, 126 N. Y. 568, 27 N. E. 952, 22 Am. St. Rep. 854; McCampbell v. Cunard Co., 144 N. Y. 552, 39 N. E. 637; Union Pacific R. Co. v. Marone, 246 Fed. 916, 159 C. C. A. 188.

Second. The proof is clear that the gangwayman did put up his hand as a signal to the winchman to stop lowering the draft. The winchman cannot be found. If there was enough steam to prevent him from seeing the signal the gangwayman should have given the order by word of mouth. Not to do so would be negligence of a fellow servant.

Third. If the gangwayman should have given warning to the libelant below that the draft was coming down, not doing so would be negligence of a fellow servant.

The libel is dismissed.

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes